MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v.

PIOTR KRASINSKI, Defendant.

Case No. 09 C 6138

Judge John W. Darrah

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Petitioner Piotr Krasinski's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**BACKGROUND**

On September 9, 2003, Krasinski was charged with conspiracy to distribute methylene-dioxymethamphetamine ("MDMA" and "Ecstasy"), in violation of 18 U.S.C. §§ 841(a)(1), 846, and to unlawfully transfer money outside the United States in support of a drug distribution network, in violation of 18 U.S.C. §§ 1956(a)(2), (h). Krasinski hired Joseph Rowland as his attorney to represent him in this matter. Rowland served as Krasinski's attorney from January 2004 through July 13, 2005. On May 27, 2004, Krasinski pled guilty to both charges as part of a plea agreement entered into with the United States.

On October 24, 2004, Krasinski was sentenced to 240 months' imprisonment. On November 2, 2004, Krasinski entered a motion to withdraw his guilty plea, which was

denied on January 24, 2005. On February 14, 2005, Krasinski appealed his sentence. Krasinski's appeal was granted, the sentence was vacated and the case was remanded to this Court to allow Krasinski to argue post-Booker § 3553 factors at sentencing. On April 17, 2007, Krasinski was re-sentenced to 292 months' imprisonment. Krasinski again appealed his sentence. Krasinski's sentence was affirmed on October 15, 2008.

Krasinski subsequently filed the instant *pro se habeas* petition, asserting (1) he was not represented by legal counsel, violating his Sixth Amendment right; and (2) ineffective representation by counsel.

**LEGAL STANDARD**

Section 2255 reads in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "Habeas corpus relief under 28 U.S.C. § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). This Court must review all evidence and draw all inferences in favor of the Government. *Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992).

## ANALYSIS

*Ineffective Assistance of Counsel*

Krasinski alleges that his attorney, Rowland, was not a lawyer. Therefore, Krasinski was not adequately represented by counsel during that time, which would constitute a violation of his Sixth Amendment Constitutional right to counsel.

In order to prevail on a claim for ineffective assistance of counsel, the petitioner must demonstrate that "(1) his attorney's performance fell below an objective standard of reasonableness; and (2) the attorney's deficient performance actually prejudiced the petitioner." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (*Strickland*). Under the first prong, the petitioner must show that his counsel's errors were serious enough that the counsel was not functioning as counsel guaranteed in the Sixth Amendment. *Id.* Under the second prong, the petitioner must show that the errors made by his counsel deprived him of a fair trial. *Id.*

Krasinski claims Rowland never went to law school, does not have a law degree and did not take the bar examination. Krasinski bases these allegations on the State Bar of California's website, which states that it has no information available regarding where Rowland attended law school. However, according to the State Bar of California's website, Rowland was listed as an "Active" member of the California Bar during the entire time he represented Rowland, from January 2004 through July 13, 2005. (*See* Government Reply Br. Ex. D.)

Krasinski argues that since the State Bar of California's website does not have information regarding the law school Rowland attended, Rowland gained admission to

the bar through fraud. Krasinski provides no factual support for this allegation. The State Bar of California's website shows Rowland was admitted to the California Bar in 1990. (Government Resp. Br. Ex. D.) Simply because the website provides no information as to where Rowland attended law school does not mean Rowland was admitted to the bar through fraud.

Krasinski also argues that Rowland was not a licensed attorney in Illinois and failed to file a *pro hac vice* motion for this case. Rowland was never admitted to the bar in Illinois, although he had on previous occasions been admitted in the Illinois District Court *pro hac vice*. (Def. Mtn. Ex. E.) During the status hearing in this case on February 3, 2004, during which Rowland and Krasinski were present, Rowland asked the Court to admit him as Krasinski's counsel pursuant to the Criminal Justice Act and offered to put together an *ex parte* application. (*See* Government Resp. Br. Ex. A.) Although nothing indicates that Rowland specifically filed a *pro hac vice* motion, Krasinski concedes that failure to file a *pro hac vice* motion does not render counsel ineffective. In order to have adequate representation of counsel under the Sixth Amendment, a counsel needs a credential from some forum, which shows a specialized knowledge as a lawyer. *United States v. Maria-Martinez*, 143 F.3d 914, 917 (5th Cir. 1998). Because the State Bar of California recognizes Rowland as a licensed attorney in that state, Rowland meets this standard; and Krasinski has offered nothing to the contrary.

Krasinski next asserts that he had ineffective counsel due to the fact Rowland was suspended from practicing law in California in May 2009. The suspension dealt in part

with Rowland's representation of Krasinski and his failure to file a *pro hac vice* motion.[1] The State Bar of California concluded that while Rowland had violated Rule of Professional Conduct 1-300(B) by providing representation to Krasinski in a district in which he was not allowed to practice and violated Business and Professions Code section 6068(m) by failing to inform Krasinski of this fact, Rowland's representation of Krasinski was in good faith. (*See* State Bar Court of California May 8, 2009 Order, Government Resp. Br. Ex. E pp. 8-9, 22.) The State Bar concluded that Rowland had adequate skills as an advocate and that there had been no affirmative misrepresentation to, or fraud on, the Court. As previously stated, simply because Krasinski failed to file a *pro hac vice* motion does not render his assistance ineffective.

Krasinski also argues Rowland was ineffective because he misled Krasinski when entering into the plea agreement. Krasinski asserts he did not have enough time to review

[1] Rowland began his representation of Krasinski in January 2004 and continued to represent Krasinski before the Court through Krasinski's sentencing hearing on October 26, 2004. Rowland prepared and filed a notice of appeal for Krasinski on February 14, 2005.

Prior to his representation of Krasinski, Rowland had been stricken from the roll of attorneys permitted to practice in the Court of Appeals for the Seventh Circuit in connection with his representation in *United States of America v. Gabriel M. Trejo*, No. 02-3533. Rowland sought readmission to practice in the Seventh Circuit in connection with the *Trejo* appeal on January 21, 2005. On January 22, 2005, the Seventh Circuit issued an order in Krasinski's appeal, noting that Rowland had been stricken from the roll of attorneys permitted to practice in the Seventh Circuit. Krasinski received a copy of the order and, on April 11, 2005, requested that the Seventh Circuit dismiss Rowland and appoint a new attorney for him. Although Rowland had been readmitted to practice before the Seventh Circuit in connection with the *Trejo* appeal on March 8, 2005, on May 10, 2005, the Seventh Circuit nonetheless dismissed Rowland as Krasinski's attorney on appeal.

On March 2, 2009, Rowland filed a motion with this Court to be admitted *pro hac vice nunc pro tunc* to the time of his initial appearance in the Krasinski matter. That motion was granted on March 17, 2009.

the plea agreement, and Rowland persuaded him to enter a guilty plea. Krasinski argues that if Krasinski had effective counsel, he would not have pled guilty and would have gone to trial, which would have led to a different outcome.

Regarding a claim of ineffective assistance of counsel when a defendant enters a guilty plea, the defendant must show: "(1) that the counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006) (*Bethel*). The Court need not address both prongs of the ineffective-assistance-of-counsel analysis if one is easier than the other to prove. *Strickland*, 466 U.S. at 697.

Krasinski fails to do more than state if it was not for Rowland, he would have gone to trial. A petitioner must do more than merely state he would have proceeded to trial but for his attorney's conduct to establish prejudice. *Bethel*, 458 F.3d at 718. Moreover, in the plea colloquy, under oath, Krasinski stated as follows:

> THE COURT: Is your decision to plead guilty entirely voluntary on your part after discussing this with Mr. Rowland, your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has Mr. Rowland made any promises to you as to what the sentence is going to be?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone else made any promises to you as to what the sentence is going to be other than what we've discussed here today?
>
> THE DEFENDANT: No.

> THE COURT: Do you understand, Mr. Krasinski, that it must be your decision and your decision alone regardless of any advice you've been given as to whether to plead guilty or to persist in your plea of not guilty? Do you understand that?
>
> THE DEFENDANT: Yes.

(5/27/04 Tr. at 16.) Also, in his plea colloquy, Krasinski, under oath, stated that he was satisfied with the advice Rowland provided to him as his attorney:

> THE COURT: Are you satisfied with the advice and the efforts that Mr. Rowland has made on your behalf as your lawyer?
>
> THE DEFENDANT: Yes, I am.

(5/27/04 Tr. at 6.) He also stated that he had enough time to discuss the plea agreement with Rowland and that he understood what was entailed in the plea agreement:

> THE COURT: Did Mr. Rowland answer all of the questions that you had regarding the terms and conditions of this plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions at all regarding the terms and the obligations of the plea agreement?
>
> THE DEFENDANT: No.

(5/27/04 Tr. at 12.) Also during the plea colloquy, the Court determined that Rowland was effective counsel for Krasinski. (*See* Government Reply Br. Ex. C.) Accordingly, Krasinski has failed to establish Rowland was ineffective counsel under the *Strickland* test.

*Supplemental Brief*

Krasinski's sentence was affirmed on October 15, 2008. Krasinski filed his Petition on October 5, 2009, and filed a supplemental brief on January 4, 2010. The Government argues Krasinski's supplemental brief should be disregarded because it does not relate back to his original Petition and was not filed under the required statute of limitations.

28 U.S.C. § 2255(f)(1) states, "A 1-year statute of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final." The supplement brief was filed long after the 1-year statute of limitations provided in 28 U.S.C. § 2255(f)(1). In order for a *habeas corpus* pleading to be amended past the 1-year statute of limitations, the amended claims must relate back to the original pleading and must be based on the same operative facts or transactions. *Mayle v. Felix*, 545 U.S. 644, 664.

The amended brief claims ineffective assistance of counsel relating to Krasinski's counsel that represented him in Detroit, Michigan. These claims do not relate back to the original pleading because it concerns counsel other than counsel that represented him here and raises entirely new issues regarding that attorney that were not raised in the original pleading before this Court. Because the supplemental brief was not timely filed and does not relate back to the original pleading, the supplemental brief is stricken.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied.

Date: June 28, 2010

JOHN W. DARRAH
United States District Court Judge